Matter of the Estate of EDMUND SCHMOLL, Deceased.

(Surrogate's Court, New York County, August, 1919.)

Transfer tax — what not subject to — ante-nuptial agreement — good will of a partnership — non-residents —wills — Tax Law, § 220(4).

> An ante-nuptial agreement duly executed in accordance with the law of Switzerland, provided that two-thirds of the community property should go to the surviving husband or wife, both of whom were citizens of Switzerland, and one-third to the then surviving children of the marriage. The husband died in the state of New York and by his will admitted to probate therein gave one-half of his estate to his wife absolutely and the other half to his children subject to certain life interests. *Held,* that the two-thirds of the estate claimed by decedent's widow under the ante-nuptial agreement was not subject to a transfer tax, but that the interests of the children thereunder were subject to a transfer tax under section 220(4) of the Tax Law, as a gift intended to take effect at the death of the testator.
>
> An appraisal of the value of decedent's interest in the good will of a partnership at fifty per cent upheld.

APPEAL from an order fixing the transfer tax.

Prince & Nathan (Alfred B. Nathan, of counsel), for appellants.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOWLER, S.   The decedent, who was a resident of New York, died December 20, 1917.   In his will, which was duly admitted to probate by this court, he gave one-half of his property absolutely to his wife and the other half to his children, subject to certain life interests.   The appraiser found that the value of the decedent's estate was $1,238,736, and he reported that two-thirds of it passed to the decedent's widow by virtue of an ante-nuptial agreement, and was therefore exempt from the payment of a transfer tax in this state.   He also found that the value of the interest of each of decedent's three children in his estate was $132,637.36, and he reported that these interests were subject to a tax.   An order was duly entered upon his report, and from that order this appeal is taken by the executors of the estate and by the children individually.

The decedent was a citizen of Switzerland.   He was married in France on November 30, 1891, but both he and his wife were citizens of Switzerland, and the marriage was solemnized before a Swiss notary and in accordance with the requirements of the Swiss law. Prior to the solemnization of the marriage the decedent and the guardian of his intended wife executed an agreement, which recited the amount that each of them was to contribute in consideration of the marriage, and which expressly provided that the law of the Canton of Basel, Switzerland, should constitute a part of the agreement.   Article 5 of the ante-nuptial agreement provided that if at the time of the decease of the husband or wife there should be children of the union then surviving, the community property should be divided as follows:   two-thirds to the surviving husband or wife and one-third to the children. The law of the Canton of Basel provided that contracts of marriage could not be altered or canceled during

Surrogate's Court, New York County, August, 1919. [Vol. 108.

the existence of the marriage, "not even with the mutual consent of the spouses," and that a married person could not make a will which would deprive an heir to the share of the community property given to him by law. The decedent's widow disregarded the provisions of the will for her benefit, and claimed two-thirds of his property under the ante-nuptial agreement, and her right to take such two-thirds free of any transfer tax is conceded by the state comptroller.

The question presented by the appeal is whether the children are entitled to take the remaining one-third of decedent's estate free from any transfer tax. While the children were not parties to the ante-nuptial agreement, a court of equity of this state would upon their application enforce the terms of that agreement for their benefit. *Todd* v. *Weber*, 95 N. Y. 181; *Borland* v. *Welch*, 162 id. 104. But notwithstanding their right to enforce the terms of the ante-nuptial agreement, it seems to me that the property to which they are entitled under the terms of the agreement is subject to a transfer tax. Subdivision 4 of section 220 of the Tax Law provides that a tax shall be imposed upon the transfer of property when such transfer is made " by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death." The transfer of the property to decedent's children under the terms of the ante-nuptial agreement is entirely donative in its character; it is a gift to them from their parents, and as the gift was not intended to take effect in possession or enjoyment until the death of one of the parents and did not take effect until the death of the decedent herein, it comes within the classification of transfers mentioned in the subdivision above quoted. I am inclined to think,

therefore, that the interests of the children are subject to a transfer tax in this state.

The executors also contend that the appraiser erred in appraising the value of decedent's interest in the good will of the partnership at $615,229.13. This sum represents fifty per cent of the value of the good will. Under article 13 of the partnership agreement the decedent was entitled to fifty per cent of the good will, excepting that the partnership formed on the 1st of January, 1914, had the right to use it until the 31st of December, 1917, after which it became the property of the decedent. As the decedent died on the 20th of December, 1917, the appraiser was substantially correct in valuing his interest in the good will of the partnership at fifty per cent. The order fixing tax is affirmed.

Order affirmed.